**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ZILA BIOTECHNOLOGY, INC., an Arizona corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>QUINTILES, INC., a North Carolina corporation,<br><br>　　　　Defendant. | No. CV 08-2139-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff Zila Biotechnology, Inc.'s Motion to Remand and For Award of Attorneys' Fees (Doc. # 9), and Defendant Quintiles, Inc.'s Motion to Dismiss (Doc. # 7). For the reasons that follow, Plaintiff's Motion to Remand and For Award of Attorneys' Fees is denied and Defendant's Motion to Dismiss is granted.

## BACKGROUND

Zila is a pharmaceutical manufacturer. Quintiles is a research organization that conducts drug studies for companies like Zila. The parties entered into an agreement, whereby Quintiles conducted a study of a cancer screening drug developed by Zila. Zila alleges that Quintiles muddled the study, thus causing significant financial injury to Zila.

The parties' agreement contains agreed-upon provisions pertaining to dispute resolution. Namely, that both parties are bound to seek a redress of any grievance arising out of the agreement through arbitration. The agreement also contains a provision, titled

"Remedies; Limitation of Liability," setting forth certain agreed-upon remedies in the event of a breach by either party, including that neither party "shall have any liability . . . for any loss of profits, opportunity or goodwill, or any type of special, incidental, indirect or consequential damage or loss in connection with or arising out of this Agreement or the Services performed or to be performed hereunder." Doc. #1, Exhibit B, at ¶ 7. The agreement further provides that "[t]he arbitrator shall not have the power to award any punitive damages or any damages excluded by this Agreement." *Id.*

Zila filed suit in the Maricopa County Superior Court, seeking a declaratory judgment that the future arbitrator is empowered to reform the agreement between the parties by eliminating the limitation of liability provisions in the parties' agreement. Zila also sought a declaration that the future arbitrator is empowered with the ability to reform the agreement between the parties to the extent the arbitrator believes is warranted under Arizona law. Quintiles removed to this Court, premising jurisdiction upon 28 U.S.C. §§ 1441, 1446, and LRCiv. 3.7.

## MOTION TO REMAND

Zila argues that this Court lacks subject matter jurisdiction because the amount in controversy requirement has not been satisfied. In order to support removal based on diversity jurisdiction, Quintiles has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Zila is not seeking monetary damages in this present action. Rather, Zila is only seeking a declaratory judgment concerning the enforceability of the limitation of liability provisions contained in the agreement between the parties. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). *See also Vaden v. Discover Bank*, __ U.S. __, __, 129 S.Ct. 1262, 1273 (2009) ("The text of [9 U.S.C.] § 4 drives our conclusion that a federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying

- 2 -

1  substantive controversy. We reiterate § 4's relevant instruction: When one party seeks
2  arbitration pursuant to a written agreement and the other resists, the proponent of arbitration
3  may petition for an order compelling arbitration in 'any United States district court which,
4  save for [the arbitration] agreement, would have jurisdiction under title 28, in a civil action
5  or in admiralty of the subject matter of a suit arising out of the controversy between the
6  parties.'") (quoting 9 U.S.C. § 4).

7  Zila concedes that the value of the object of the litigation is measured by the "either
8  viewpoint" rule.[1] "Under the 'either viewpoint' rule, the test for determining the amount in
9  controversy is the pecuniary result to either party which the judgment would directly
10 produce." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir.
11 2001). It is clear that in this present action, Zila is solely seeking declaratory relief.
12 However, Zila alleges that the value of its underlying claims–the claims that would be
13 arbitrated under the parties' agreement–exceeds $70 million in lost profits. Because of the
14 parties' limitation of liability clause contained in the parties' agreement, Zila is foreclosed
15 from obtaining an award of lost profits in arbitration. Thus, absent a declaration that an
16 arbitrator is empowered to reform the parties' agreement for the purposes of eliminating the
17 limitation of liability provisions, Zila cannot pursue its claim for $70 million in lost profits.
18 Stated another way, if Zila were to prevail in this present action and obtain the declaratory
19 relief it has requested, then Zila can pursue its claim for lost profits in the arbitration
20 proceedings. If Zila proves its claim for lost profits before an arbitrator, Zila would be
21 entitled to an award that was otherwise unavailable. Accordingly, the value of the object of
22 Zila's present action is Zila's ability to pursue its claim for lost profits, which far exceeds the
23 $75,000 amount in controversy requirement. *See Vaden*, __ U.S. at __, 129 S.Ct. at 1275

---

[1] Zila argues initially in its Motion to Remand and For Award of Attorneys Fees that the "plaintiff viewpoint" rule is applicable. Then, in its reply memorandum, Zila concedes that the "either viewpoint" rule should be applied. In any event, whether this Court applies the "plaintiff viewpoint" or "either viewpoint" rule, the conclusion reached would remain unaltered.

1  ("[W]e read [9 U.S.C.] § 4 to convey that a party seeking to compel arbitration may gain a
2  federal court's assistance only if, 'save for' the agreement, the entire, actual 'controversy
3  between the parties,' as they have framed it, could be litigated in federal court."); *Webb v.*
4  *Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir.1996) (stating that the amount in controversy
5  requirement is satisfied because  difference to plaintiffs "between winning and losing the
6  underlying arbitration will be $75,000").

## MOTION TO DISMISS

8  Quintiles argues that the relief Zila seeks is subject to mandatory arbitration and,
9  hence, Zila's claims should be dismissed.  The Court agrees.

10  In their agreement, the parties included a clause pertaining to arbitration for the
11  purpose of resolving any disputes that are connected with the parties' agreement.  The clause
12  provides:

13  Arbitration.  Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration administered by
14  the American Arbitration Association ("AAA") under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator shall
15  be binding and may be entered in any court having jurisdiction thereof.

16  Zila agrees that the underlying dispute between the parties must be arbitrated.  However, Zila
17  asserts that the initial determination concerning the enforceability of the limitation of liability
18  provisions should be made by this Court, and not an arbitrator.  However, the Supreme Court
19  has made clear that such issues are to be resolved by an arbitrator, and not the courts.

20  In *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), the Supreme Court
21  confronted a similar issue to the one presented by the relief Zila requests.  In *Buckeye*, the
22  plaintiffs filed suit in state court alleging that certain portions of the parties' agreement were
23  unenforceable on state law grounds.  546 U.S. at 443.  Defendant argued that such issues
24  should be resolved by an arbitrator, not the court.  The Supreme Court agreed.  *Id.* at 449.
25  In so holding, the Court recognized that there are two types of challenges to the validity of
26  arbitration agreements: "One type challenges specifically the validity of the agreement to
27  arbitrate.  The other challenges the contract as a whole, either on a ground that directly
28  affects the entire agreement . . . or on the ground that the illegality of one of the contract's

- 4 -

1 provisions renders the whole contract invalid." *Id.* at 444. The Court held that the former challenge is resolved by the courts, whereas the latter challenge is resolved by an arbitrator: "[w]e reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449.

Given that Zila does not challenge the validity of the parties' agreement to arbitrate, and because this action relates to the enforceability of certain provisions in the parties' agreement, including an arbitrator's ability to reform the limitation of liability clauses, this Court finds that the issues raised by Zila in this present action must be resolved in the first instance by an arbitrator. *Id.* at 445-46 ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.").

Moreover, the language of the arbitration clause supports this Court's determination that the issues raised by Zila must be submitted to an arbitrator. The opening sentence in the parties' arbitration clause states that "[a]ny controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration . . . ." Whether Quintile's actions constituted bad faith such that the limitation of liabilities clause is rendered void by state law is a controversy related to the parties' agreement. As such, based on the agreed upon language contained in the parties' agreement and the direction provided by our Supreme Court in *Buckeye*, Zila's claims in this action are subject to mandatory arbitration.

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Remand and For Award of Attorneys' Fees (Doc. # 9).

**IT IS FURTHER ORDERED** granting Defendant Quintiles' Motion to Dismiss (Doc. # 7). Quintiles' request for attorneys' fees under A.R.S. § 12-341.01(A) is denied.

///

///

///

1    **IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment
2 accordingly and close this case.

3    DATED this 21st day of May, 2009.

James A. Teilborg
United States District Judge